IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
DOUG VAUGHN                        :    CIVIL ACTION
                                   :    NO. 14-7110
        Plaintiff,                 :
                                   :
    v.                             :
                                   :
TALX CORPORATION                   :
                                   :
        Defendant.                 :
```

### O R D E R

**AND NOW**, this **23rd** day of **June, 2015,** upon review of Defendant's Motion to Dismiss (ECF No. 11), as well as the Report and Recommendation of United States Magistrate Judge Thomas J. Rueter (ECF No. 23) and Plaintiff's Objections thereto (ECF No. 30), the following is hereby **ORDERED**:

    (1) The Report and Recommendation is **APPROVED** and **ADOPTED**;

    (2) Plaintiff's Objections to the Report and Recommendation are **OVERRULED**;

    (3) The Motion to Dismiss (ECF No. 11) is **DENIED**; and

1

(4) Plaintiff shall have until **August 24, 2015** to duly serve the Summons and Complaint upon Defendant.[1]

---

[1]   Defendant moves to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(5), 4(h), and 4(m), arguing that TALX has not been properly served. Defendant provides a brief summary of Plaintiff's efforts to effect service in this case:

Plaintiff Doug Vaughn ("Plaintiff") filed a Complaint against TALX Corporation on November 20, 2014 (the "Complaint"). Sometime thereafter, it appears that Plaintiff mailed a copy of the Complaint to 11432 Lackland, St. Louis, Missouri 65146, addressed to TALX employee Randal Crocker. TALX received the Complaint on or about December 5, 2014. It was forwarded to Mr. Crocker upon receipt by TALX's mailroom vendor, Canon Managed Document Services. No TALX employee signed a certified mail receipt for the December 5, 2014 mailing, and no summons was included with the Complaint in the December 5, 2014 mailing.

Plaintiff filed a "Motion for Default" against TALX on January 28, 2015, along with a "Certificate of Service." The Certificate of Service indicates that Plaintiff mailed the Motion for Default to TALX at 11432 Lackland, St. Louis, Missouri 63146 on February 2, 2015. By order dated February 5, 2015, the Court denied Plaintiff's Motion for Default, as no proof of service had been filed with the Court.

On February 2, 2015, Plaintiff mailed a copy of the Motion for Default to TALX's "Human Resources Department," and then field a "Statement of Service by Mail" on February 10, 2015. This filing appears to include a photocopy of a certified mail receipt, but no signed return receipt. Plaintiff also appears to have printed the name "Daniel E. Prouasnik" on the photocopy, in seeming reference to Mr. Daniel Provasnik, a Canon employee who works in TALX's mailroom. In any event, no TALX employee signed for the

> February 2, 2015 mailing, which included only the Motion for Default, and did not include a copy of the summons <u>or</u> Complaint.
>
> On March 19, 2015, Plaintiff filed a "Notice," "Motion for Judgment Upon Default or Admission, Rule 1037, Assessment of Damages," and "Motion for Content and Form of Proof of Service," which were purportedly mailed to TALX on March 19, 2015.
>
> To date, no TALX employee, officer, partner, trustee, manager, or authorized agent has been personally served with a copy of process in this action, and no authorized TALX agent has signed a certified mail receipt.

Def.'s Br. Supp. Mot. Dismiss 2-3, ECF No. 11-1.

A federal court may dismiss a complaint for "insufficient service of process." Fed. R. Civ. P. 12(b)(5). "[T]he party asserting the validity of service bears the burden of proof on that issue." <u>Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.</u>, 988 F.2d 476, 488 (3d Cir. 1993).

Federal Rule of Civil Procedure 4(h)(1)(B) provides that a corporation must be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant." Here, Plaintiff sent a copy of the Complaint to Randal Crocker, an employee of TALX. Plaintiff has failed to prove or even claim that Crocker is an agent of Defendant, authorized to receive service of process. Moreover, Plaintiff failed to send the summons along with the Complaint. Accordingly, this attempted service was insufficient under Rule 4(h)(1)(B).

In the alternative, a corporation may be served "in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A). Rule 4(e)(1) provides that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is

3

It is further **ORDERED** that Plaintiff's Motion for Default Judgment (ECF No. 7) is **DENIED**,[2] and Plaintiff's "Motion Affidavit for Judgment by Default" (ECF No. 3) and "Motion

---

made." As Plaintiff brought this case in the Eastern District of Pennsylvania, service under Pennsylvania state law would therefore be permitted. Here, Plaintiff has also failed. Pennsylvania law permits service upon a corporation by handing a copy of process to "(1) an executive officer, partner or trustee of the corporation or similar entity, or (2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity, or (3) an agent authorized by the corporation or similar entity in writing to receive service of process for it." Pa. R. Civ. P. 424. Plaintiff has not handed a copy of the Complaint and summons to any such individual. Pennsylvania law also allows service outside the Commonwealth, Pa. R. Civ. P. 404, "by any form of mail requiring a receipt signed by the defendant or his authorized agent," Pa. R. Civ. P. 403. Neither Defendant nor its authorized agent has signed any receipt for Plaintiff's mailing.[1]

Accordingly, Plaintiff has failed to complete service under both federal and Pennsylvania law. Because more than 120 days have passed since Plaintiff filed the Complaint, the Court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Third Circuit has held that "dismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained." Umbenhauer v. Woog, 969 F.2d 25, 30 (3d Cir. 1992). In this case, there is such a reasonable prospect – Plaintiff has failed to comply with the technical requirements of the service rules, but there is no reason to believe that some insurmountable obstacle will prevent him from complying in the future.

Therefore, the Court will deny Defendant's Motion to Dismiss and allow Plaintiff to properly serve Defendant within 60 days.

[2] As discussed above, Plaintiff has not yet completed service in this case. Accordingly, default cannot be entered and the motion must be denied.

Content and Form of Proof of Service" (ECF No. 8) are **DENIED**, as they are not properly motions, but rather documents supporting the Motion for Default Judgment.

        **AND IT IS SO ORDERED.**

        **/s/ Eduardo C. Robreno**
        **EDUARDO C. ROBRENO,    J.**